## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Ray Coleman (2016-0711157), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19-cv-06251 |
| v. | ) | |
| | ) | Judge John F. Kness |
| C/O Garcia, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ray Coleman, a Cook County Jail detainee, alleges that Defendant, correctional officer Garcia, failed to protect him from an attack that occurred on July 18, 2019 in this *pro se* civil rights lawsuit filed under 42 U.S.C. § 1983. Before the Court is Defendant's motion for summary judgment. For the reasons that follow, Defendant's motion is granted.

## I.    Facts

Plaintiff Ray Coleman was an inmate at the Cook County Jail at all times relevant to this litigation. (Dkt. 62, ¶¶ 1–2.) Defendant Garcia was, at all times relevant to this litigation, an employee of the Cook County Sheriff's Office, and serves as a correctional officer at the Cook County Department of Corrections ("CCDOC"). (*Id.* ¶ 3.)

Plaintiff was booked into the Cook County Jail on July 11, 2016. (*Id.* ¶ 8.) During Plaintiff's time at the Cook County Jail, he was housed in multiple divisions, including division 10 and division 9. (*Id.* ¶ 9.) On July 18, 2019, Plaintiff was housed in division 9. (*Id.* ¶ 10.) On the evening of July 17, 2019, Plaintiff overheard verbal threats directed towards him. (*Id.* ¶ 11.) On the morning of July 18, 2019, Plaintiff spoke with Officer Garcia about those verbal threats. (*Id.* ¶ 12.) According to Plaintiff, Officer Garcia ignored the reported threats. (*Id.* ¶ 13.) Later on

July 18, 2019, Plaintiff was approached by four other inmates and stabbed. (*Id.* ¶ 14.)

On July 24, 2019, Plaintiff submitted his only grievance regarding the July 18, 2019 incident. (*Id.* ¶ 15.) Plaintiff's grievance, control number 201907635, states that "officers did not respond to an attack on me of and by 4 inmates. . . ." (*Id.* ¶ 16.) Plaintiff's grievance does not mention any officers by name, including Officer Garcia. (*Id.* ¶ 17.) On July 24, 20219, the grievance was collected. (*Id.* ¶ 18.) Plaintiff received a reply to his grievance. (*Id.* ¶ 19.) On July 24, 2019, Plaintiff appealed his grievance, stating "they did not follow up on my wounds." (*Id.* ¶ 20.) On November 24, 2020, Plaintiff responded to Defendant's First Set of Interrogatories and stated that he told Officer Garcia of the alleged threats to his life before the incident. (*Id.* ¶ 21.)

When Plaintiff entered the CCDOC, he received the CCDOC Inmate Information Handbook, which provided an explanation of the grievance process available to him. (*Id.* ¶ 22.) Plaintiff signed the CCDOC Inmate Handbook Acknowledgment Form after reading it. (*Id.* ¶ 23.) Plaintiff also received the inmate rules and regulations. (*Id.* ¶ 24.)

Inmate Services is the Department responsible for processing, tracking, organizing, and retaining records of inmate grievance documents submitted by inmates incarcerated at CCDOC. (*Id.* ¶ 25.) Under the CCDOC Inmate Grievance Procedure, inmates may submit grievances to seek review of complaints or issues they may have regarding abuse, injuries, threats, or harassments. (*Id.* ¶ 26.) The Inmate Grievance Forms are available on each living unit or through Correctional Rehabilitation Workers assigned to the tiers or units. (*Id.* ¶ 27.) An inmate may request a grievance form from any sworn member or any Inmate Services staff member. If a form is not available, an inmate may use blank paper or any other type of paper to file a grievance. (*Id.* ¶ 28.) To exhaust administrative remedies, the CCDOC Inmate Grievance Procedures require that inmates fill out and submit an Inmate Grievance Form within fifteen days of the alleged offense, and, if

dissatisfied, to appeal the grievance response within fifteen days from receipt of the grievance response. (*Id.* ¶ 29.)

That appeal is required to exhaust an inmate's administrative remedies. (*Id.* ¶ 30.) The inmate is instructed to hand the completed grievance form directly to the CRW, a Correctional Supervisor making his daily rounds. (*Id.* ¶ 31.) Upon receipt of an inmate grievance form, the CRW, Inmate Services Supervisor, or Correctional Supervisor signs and dates the form and immediately provides the inmate with a copy of the submitted grievance. (*Id.* ¶ 32.) It is the responsibility of the inmate to retain a copy of any submitted grievance for his records. (*Id.* ¶ 33.) It is the responsibility of a CRW to collect and log inmate grievances in the Inmate Grievance database on a daily basis. (*Id.* ¶ 34.) If no exception applies to the grievance, the CCDOC or other responding party has fifteen business days to provide a response or remedy. (*Id.* ¶ 35.) The Inmate Services Department retains copies of the completed and processed grievance forms, including responses, in a database. (*Id.* ¶ 36.) Each grievance has an individual and unique grievance control number automatically issued or generated by the Inmate Grievance database. (*Id.* ¶ 37.) Inmates Services can search this database by each inmate's name or booking number. (*Id.* ¶ 38.)

## II.    Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure instructs the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of

3

material facts exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). A fact is material if it might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 508 (7th Cir. 1992).

The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carrol v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The nonmovant must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door Cnty. Sch. Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). Thus, "summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' " *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992) (quoting *Celotex*, 477 U.S. at 322); *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019).

When deciding a motion for summary judgment, the Court must view the facts in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

**III.    Northern District of Illinois Local Rule 56.1**

Local Rule 56.1 governs the procedures for filing and responding to motions for summary judgment in this District. That rule is intended "to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary."

4

*Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (quoting *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994)). Local Rule 56.1(a) requires the moving party to provide a statement of material facts that complies with Local Rule 56.1(d). LR 56.1(a). Local Rule 56.1(d) requires that "[e]ach asserted fact must be supported by citation to the specific evidentiary material, including the specific page number, that supports it. The court may disregard any asserted fact that is not supported with such a citation." LR 56.1(d)(2).

The opposing party must then respond to the movant's proposed statements of fact. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005); LR 56.1(e). In the case of any disagreement, "a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." LR 56.1(e)(3). "[M]ere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). The party opposing summary judgment may also submit "a statement of additional material facts that complies with LR 56.1(d)." LR 56.1(b)(3). Material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party. *Smith*, 321 F.3d at 683. A plaintiff's *pro se* status does not excuse the plaintiff from complying with Local Rule 56.1. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

In this case, Defendant Garcia filed a Rule 56.1 statement of material facts with his motion for summary judgment. (Dkt. 62.) Consistent with the local rules, Defendant also provided Plaintiff with a Local Rule 56.2 Notice, which explains what Local Rule 56.1 requires of a litigant opposing summary judgment. (Dkt. 63.)

In response, Plaintiff submitted a short "affidavit" (Dkt. 66), which generally opposes

5

summary judgment and asserts that the exhaustion "process" is complete because Plaintiff appealed his grievance. Plaintiff attaches to his affidavit a copy of his appeal.[1] (*Id.* at 3.) Plaintiff's *pro se* status will not excuse any noncompliance with the rules for responding to a summary judgment motion. *See McNeil v. United States*, 408 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The Court accordingly accepts Defendant's version of the facts to the extent that it is properly supported by the evidence, *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012), but sets forth the facts as favorably to Plaintiff as the record and Local Rule 56.1 permit.

## IV. Discussion

Given the facts described above, Defendant moves for summary judgment and argues that Plaintiff did not properly exhaust his administrative remedies. Defendant contends that "Plaintiff did not write a grievance about Officer Garcia's conduct. Instead, Plaintiff's grievance discusses how he was attacked by four other detainees on July 18, 2019, and how unnamed officers did not respond to protect him *after* the attack began." (Dkt. 61 at 5.) Defendant avers that "Plaintiff's grievance is not about the same purported conduct of Officer Garcia *prior* to the attack that he subsequently sought redress through the court system in this lawsuit, and therefore, his case should be dismissed." (*Id.*)

Exhaustion of administrative remedies is required under the Prison Litigation Reform Act for all detainee suits seeking redress for issues arising during incarceration,. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to jail conditions if the court determines that a plaintiff has failed to exhaust

---

[1] Plaintiff's July 24, 2019 grievance (control no. 201907635), with the appeal attachments, was included as Defendant's Exhibit D to the summary judgment motion. (*See* Dkt. 62-4.)

available administrative remedies. *See Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 534–35 (7th Cir. 1999).

A detainee must take all the steps required by the institution's grievance system to exhaust his administrative remedies. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023–24 (7th Cir. 2002). To exhaust remedies under § 1997e(a), a detainee or prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In addition to the timing and procedural requirements, a grievance must also contain sufficient facts to "alert[ ] the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before facing a federal suit. *See Porter*, 534 U.S. at 524–25. Failure to exhaust administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The burden therefore is on the defendant to prove that the prisoner failed to exhaust. *Maddox*, 655 F.3d at 720.

Plaintiff submitted one grievance (control number 201907635) in connection with the July 18, 2019, attack. (Dkt. 62 ¶ 15.) The narrative portion of the grievance states, in its entirety, as follows:

> This is a grievance incident of failure to protect under the color of state law, furthermore, where officers did not respond to an attack on me of and by 4 inmates when an incident took place prior; I was not involved; however I was viciously attacked and stabbed several time where I was on 911 Ambulance emergency call to Stroger Hospital for stab-wounds, rushed to emergency room[.]

(Dkt. 62-4 at 1.) The grievance does not identify Officer Garcia. Nor does the grievance complain about any wrongful conduct on the part of Officer Garcia or any other officer before the attack.

7

Rather, the grievance complains about the conduct of "officers" during or after the attack began.[2] Plaintiff's failure to protect claim in the instant case, however, is based on Defendant Garcia's conduct prior to the attack on July 18, 2021.[3] The grievance did not identify Defendant Garcia or the particular complained-of conduct at issue here. The specific contention in the complaint, that Officer Garcia failed to protect Plaintiff when he ignored Plaintiff's safety concerns on the morning of July 18, 2019 *before* the attack, is easily distinguished from the grievance. As such, Plaintiff's grievance did not exhaust his administrative remedies as to the claim at issue in this lawsuit. *See Bowers v. Dart*, 1 F.4th 513, 517–18 (7th Cir. 2021) (the "disconnect between the grievance" concerning failure respond to pleas for help *prior* to assault by another inmate and the "complaint," contending that guards ignored him *during* the attack, showed a failure to exhaust); *Sylvester v. Chandler*, 2010 WL 3420385, at \*5 (N.D. Ill. Aug. 27, 2010) (even if portions of grievance were timely, plaintiff failed to exhaust his administrative remedies because substance of the grievance was not sufficient to alert defendants to any of the misconduct); *see also Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) (grievance that did not name defendant or provide information that "should have identified him to the grievance officer" was fatally defective).

Further, as Defendant points out in his motion for summary judgment (Dkt. 61 at 8), the subject of Plaintiff's appeal is limited to Plaintiff's injuries and medical care. (Dkt. 62-4 at 3.) The basis for the appeal is identified entirely as: "they did not follow up on my wounds." (*Id.*) The

---

[2] The jail's summary of Plaintiff's grievance focuses on the conduct of officers *during* the attack. (*See* Dkt. 62-4 at 11) ("Detainee Coleman alleges that staff failed to protect him when officers did not respond to an attack on him").

[3] In the operative amended complaint (Dkt. 10), Plaintiff specifically alleged that on the morning of July 28, 2019, he "warned" officer Garcia that "four inmates on the bottom deck made threats to stab [him] [and] kill [him] [and] harm [him] when they were out on their dayroom time." Plaintiff alleged that Officer Garcia ignored him and that he was subsequently attacked. (*Id.* at 5–8.) Plaintiff's allegations in his amended complaint are consistent with his responses to Defendant's First Set of Interrogatories (*see* Dkt. 62 ¶ 21) and with his deposition testimony (*see* Dkt. 62-3).

appeal, like the initiating grievance, does not mention Defendant, Defendant's conduct leading up the attack, or the attack itself. As such, Plaintiff's appeal (which relates to his injuries and medical care following the July 18, 2019 incident) is not sufficient to be considered an appeal of the alleged misconduct at issue in this lawsuit.

Based on the above, the Court finds that Plaintiff failed to exhaust his administrative remedies for his failure to protect claim against Defendant (concerning Defendant's conduct *prior* to the attack). Plaintiff has no further recourse in federal court at this time. 42 U.S.C. § 1997e(a). The dismissal therefore constitutes a final appealable order. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (order dismissing 42 U.S.C. § 1983 claim for failure to exhaust administrative remedies is appealable where there are no further remedies that plaintiff can pursue); *see also Fluker v. Cnty. of Kankakee*, 741 F.3d 787, 791 (7th Cir. 2013) ("dismissal under § 1997e(a) for failure to exhaust must be without prejudice . . . even if exhausting administrative remedies will prove to be impossible").

If Plaintiff wants to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be nonmeritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court stating the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

9

## V.    Conclusion

For the reasons stated above, the Court grants Defendant's motion for summary judgment [61]. This case is dismissed without prejudice for failure to exhaust administrative remedies. Enter final judgment order. Civil case terminated.

SO ORDERED in No. 19-cv-06251.

Date: January 26, 2022                                    _____

JOHN F. KNESS
United States District Judge

10